IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS ABBOTT, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-00267-KD-C |
| | ) |
| AUSTAL USA, LLC., | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATIONS**

This action is before the Court on a partial motion to dismiss and motion to strike, both filed by Defendant Austal USA, LLC ("Austal"). (Docs. 95, 107). For the reasons stated herein, the undersigned **RECOMMENDS** the Court **VACATE** its June 7, 2023 order (Doc. 105), **STRIKE** Plaintiffs' June 16, 2023 amended complaint (Doc. 106), **DENY** Austal's motion to strike as **MOOT** (Doc. 107), and **GRANT in part** and **DENY in part** Austal's partial motion to dismiss (Doc. 95).

**I.   *Procedural History***

The procedural history underlying the present motions is complex. On July 4, 2022, 53 Plaintiffs[1] initiated this action by filing a complaint against Austal. (Doc. 1). On July 17, 2022, Plaintiffs filed their First Amended Complaint ("FAC"). (Doc. 4). The FAC asserts three

---

[1] When filed, there were 53 party plaintiffs; however, this is not a class action. Those party plaintiffs in the original complaint included: Dennis Abbott, Kenneth Allison, Steven Bailey, Douglas Beck, John Boyd, Joseph Taylor Brown, Kristin Carroll, Tracy Chapman, Pheap Chum, Christopher Colvin, Michael Crenshaw, Melissa Daidone, Clarence Davis, Samantha Davis, Sharon Davis, Timothy Daw, Jason Dyson, Russell Dyson, Jessie Ellison, Joe Hackett, Christopher Hayes, Kristopher Holifield, Joseph Jalbert, Christopher Jordan, Nathan Kantola, Zackary Keterson, Ryan King, Christopher Lancaster, James Lindsey, Keith Lovett, Glenn Lund, Neco Martin, Patrick Martin, Jimmy Middleton, Devan Tyler Mims, Chares Myers, Robert Olszandski, Shane Robinson, Anhkiet Rodriguez, Antonio Ross, Charles Roy, Joseph Schwall, Bradley Schwartz, Alexis Scott, Justin Stewart, Anthony Swann, Joe D. Thompson, Cristopher Thornton, David Tolbert, Mark Vardaman, Martin Van den Bosch, Steven Woodward, Elisha Wright and Timothy Yace. (Doc. 1). Party plaintiff Charles Roy was included for the first time in Plaintiff's FAC, bringing the total number of party plaintiffs to 54 as of July 4, 2022. (*See* Doc. 4). Unless otherwise noted, these 54 party plaintiffs are collectively referred to as "Plaintiffs."

1

claims against Austal: (1) a Title VII religious discrimination claim (failure to accommodate theory) by all Plaintiffs, (2) a Title I ADA disability discrimination claim (failure to accommodate theory) by Plaintiffs Jason Dyson, Kristopher Holifield, Christopher Jordan and Antonio Ross, and (3) a negligent/gross negligence cause of action (predicated on an alleged deprivation of constitutional rights regarding religious beliefs) by all Plaintiffs. (Doc. 4).

On September 6, 2022, Plaintiffs filed their first motion to amend the FAC, and the Court entered a briefing schedule. (Doc. 18). Austal timely responded on September 13, 2022 with an objection, asserting Plaintiffs' motion did not comply with S.D. Ala. CivLR 15(b)'s requirements that: (1) a motion to amend specifically state the changes sought to be made and (2) the proposed amended pleading be included as an attachment.[2] (Doc. 22). Plaintiffs filed a timely reply on September 17, 2022, which included their proposed Second Amended Complaint as an attachment. (Docs. 23, 23-1).[3] The Court denied Plaintiffs' motion to amend

---

[2] S.D. Ala. CivLR 15(b) provides: "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."

[3] Plaintiffs proposed Second Amended Complaint sought, among other changes, to add new plaintiffs and asserted the following causes of action:

    **Count I**: Title VII religious discrimination (failure to accommodate) by all Plaintiffs

    **Count II**: ADA Title I disability discrimination (failure to accommodate) by Plaintiffs Jordan & Ross

    **Count III**: Negligence and/or Gross Negligence (predicated upon an alleged deprivation of constitutional rights regarding religious beliefs) by all Plaintiffs

    **Count IV**: Title VII religious discrimination (disparate treatment) by all Plaintiffs

    **Count V**: Title VII religious discrimination (hostile work environment) by all Plaintiffs

    **Count VI**: Title VII religious discrimination (harassment on religious grounds) by all Plaintiffs

    **Count VII**: ADA Title I disability discrimination (disparate treatment) by Plaintiffs Jordan & Ross

    **Count VIII**: ADA Title I disability discrimination (hostile work environment) by Plaintiffs Jordan & Ross

    **Count IX**: ADA Title I disability discrimination (harassment on disability grounds theory) by Plaintiffs Jordan & Ross

the complaint on September 22, 2022, after finding the 206-page proposed Second Amended Complaint to be a shotgun pleading in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See* Doc. 25).

The parties came before the Court for a Rule 16 scheduling conference on October 25, 2022, and a Rule 16(b) scheduling order was entered the same day. (Docs. 28, 29). On November 1, 2022, Plaintiffs filed a second motion to amend the FAC – this time complying with S.D. Ala. CivLR 15(b) by including their proposed Second Amended Complaint ("Second Proposed SAC") as an attachment. (Docs. 30, 30-1). Based upon "newly discovered facts," Plaintiffs' second motion to amend the FAC and Second Proposed SAC sought to include five new defendants and asserted 23 counts.[4] The Court entered a briefing order on the second motion to amend the FAC, and after a brief extension, Austal filed an opposition response asserting the motion should be denied as futile and frivolous. (Docs. 31, 40, 41, 42). Plaintiffs' timely responded November 27, 2022 offering "an alternative amended complaint" – better termed Plaintiffs' "Third Proposed SAC" – in an attempt to resolve issues raised by Austal's opposition response regarding the relevant pleading standards. (*See* Docs. 44, 44-1). Austal was granted leave to file a sur-reply, and it did so on December 7, 2022. (Docs. 45, 47, 48). This sur-reply was Austal's attempt to clarify its positions and reiterated its argument(s) on

---

**Count X**: Section 504 Rehabilitation Act disability discrimination by Plaintiffs Ross & Jordan

(Doc. 23-1). The proposed Second Amended Complaint also sought to add 12 new causes of action by all Plaintiffs under Alabama law including: invasion of privacy (**Count XI**), fraud/misrepresentation of material facts (**Count XII**), fraudulent suppression of material facts (**Count XIII**), deceit/deceit of material facts (**Count XIV**), deceit/fraudulent deceit of material facts (**Count XV**), civil conspiracy (**Count XVI**), wantonness (**Count XVII**), breach of contract (**Count XVIII**), violation of duty of loyalty (**Count XIX**), unjust enrichment (**Count XX**), disgorgement (**Count XXI**), and officer and director liability (**Count XXII**).

[4] Plaintiffs' Second Proposed SAC (Doc. 30-1) sought to include the same 22 counts set out in n.2, along with **Count XXIII**, asserting a violation of Alabama's Vaccine Passport Law, Ala. Code § 22-11B-5. (Doc. 30-1).

the futility of Plaintiffs' second (and third) proposed SACs. (Doc. 48).

On April 17, 2023, Plaintiffs filed a motion seeking leave to file additional evidence into the record for the Court's consideration when ruling on the pending second motion to amend the FAC (Doc. 30). (Doc. 90). Alternatively, Plaintiffs' sought leave of Court to file a new amended complaint and/or modify its prior proposed amended complaint (i.e., the Third Proposed SAC). (*Id.*). The Court construed Plaintiffs' April 17, 2023 motion as seeking to withdraw its second motion to amend the FAC (Doc. 30), ordered said motion be withdrawn, instructed Plaintiffs to file a renewed second motion to amend the FAC with a new proposed amended complaint attached, and set a briefing schedule in anticipation of a renewed second motion to amend the FAC. (Docs. 91, 92).[5]

Plaintiffs timely filed their renewed second motion to amend the FAC on April 25, 2023, with a new proposed amended complaint attached (hereinafter, Plaintiffs' "Fourth Proposed SAC"). (Docs. 94, 94-1). The Fourth Proposed SAC includes the following causes of action:

**Count I**: Asserts a Title VII religious discrimination claim (failure to accommodate) against Austal by all Plaintiffs

**Count II**: Asserts an ADA Title I disability discrimination claim (failure to accommodate) against Austal by Plaintiffs Jordan & Ross

**Count III**: Asserts a negligence and/or gross negligence cause of action against Austal by all Plaintiffs

**Count IV**: Asserts a Title VII religious discrimination claim (disparate treatment) against Austal by all Plaintiffs

**Count V**: Asserts a Title VII religious discrimination claim (hostile work environment) against Austal by all Plaintiffs

---

[5] This motion to amend the complaint would be the third in time but is properly considered the second due to the withdrawal of its predecessor. (Docs. 90, 91, 92).

4

**Count VI**: Asserts a Title VII religious discrimination claim (harassment on religious grounds) against Austal by all Plaintiffs

**Count VII**: Asserts an ADA Title I disability discrimination claim (disparate treatment) against Austal by Plaintiffs Jordan & Ross

**Count VIII**: Asserts an ADA Title I disability discrimination claim (hostile work environment) by Plaintiffs Jordan & Ross

**Count IX**: Asserts an ADA Title I disability discrimination claim (harassment on disability grounds) against Austal by Plaintiffs Jordan & Ross

**Count X**: Asserts a Section 504 Rehabilitation Act claim (disability discrimination) against Austal by Plaintiffs Jordan & Ross

**Count XI**: Asserts an Alabama State Law claim for invasion of privacy against Austal by all Plaintiffs

(Doc. 94-1).

Three days later – on April 28, 2023 – before a ruling was entered on Plaintiffs' renewed second motion to amend the FAC, Austal filed the operative partial motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 95). This partial motion to dismiss sought dismissal of the Fourth Proposed SAC's Counts IV, V, VI and XI as to all Plaintiffs and Counts VII, VIII and IX as to Plaintiffs Jordan and Ross. (*Id.*). Specifically, Austal argued Counts IV, V, VI, VII, VIII and IX were due to be dismissed because the respective Plaintiffs failed to exhaust their administrative remedies, and asserted Count XI was due to be dismissed for noncompliance with Fed. R. Civ. P. 8(a)(2). (*Id.*). Notably, Austal's motion made no mention of the Fourth Proposed SAC's Counts I-III, or Count X, which alleged a Section 504 Rehabilitation Act (disability discrimination) claim by Plaintiffs Jordan and Ross. (*See id.*). Further, footnote 2 of Austal's motion specifically states:

> On April 19, 2023, this Court entered an Order deeming Plaintiffs' Second Motion to Amend Complaint (Doc. 30, filed November 1, 2023) to be withdrawn and requiring Plaintiffs to file a new motion to amend the complaint with a new proposed amended complaint no later than April 25,

5

>2023. (Doc. 91). Plaintiffs' Motion is pending with the Court. While Austal acknowledges that this Court has not yet entered an Order on Plaintiffs' Motion, in the interest of efficiency and based on the Court's Orders in *Allen, et al. v. Austal USA, LLC*, 1:22-cv-00321-KD-B and *Baugh, et al. v. Austal USA, LLC*, 1:22-cv-00329-KD-C, granting Plaintiffs leave to file[] amended complaints that are virtually identical to the Amended Complaint proposed by Plaintiffs here, Austal herein waives its filing of a response to Plaintiffs' Motion and instead proceeds with filing this Motion to Dismiss. Austal herein refers to the proposed second Amended Complaint as the "Second Amended Complaint."

(Doc. 95, PageID.2031). The motion later reiterates: "Austal herein waives its filing of a response to Plaintiffs' Motion and instead, proceeds with filing this Motion to Dismiss. (Doc. 95, PageID.2035).

Pursuant to the Court's prior order, Plaintiffs' reply to Austal's response (which, due to Austal's waiver of a response, took the form of its partial motion to dismiss) was due May 5, 2023. (*See* Doc. 91). Following some minor confusion regarding deadlines, the Court granted Plaintiffs leave to file an out of time response to the motion to dismiss. (*See* Docs. 99, 100, 101, 102). Plaintiffs' opposition response was subsequently filed May 26, 2023 and a timely reply in support was filed by Austal on June 2, 2023. (Docs. 103, 104). With the partial motion to dismiss fully briefed, it was taken under submission on June 3, 2023.

Then, on June 7, 2023, the Court entered an order granting in part and denying in part Plaintiffs' renewed second motion to amend the FAC (hereinafter, the Court's "June 7 Order"). (Doc. 105). This order set out the complicated procedural history of the various motions to amend and proposed complaints, concluding that the First Amended Complaint (Doc. 4) was properly considered the operative complaint. (Doc. 105). The Court noted Austal's explicit decision to waive its filing of a response to Plaintiffs' renewed second motion to amend the FAC by filing a partial motion to dismiss in lieu thereof, stating that "[a] motion to dismiss a pending proposed amended complaint is premature, but in the interests of

6

efficiency, the Court will consider the arguments." (Doc. 105, PageID.2630). The Court then explained that Plaintiffs' time to amend as a matter of course under Rule 15(a) had passed, such that "Rule 15(a)(2) provides the only avenue for amendment. And absent Austal's consent – which has not been given – leave of Court is required." (Doc. 105, PageID.2631). As explained herein, procedurally, this finding by the Court is not consistent with the application of Rule 15(a)(2) by other courts faced with similar facts.

In any event, the Court granted Plaintiffs' renewed second motion to amend the FAC insofar as it sought to add Plaintiff Holifield as a party plaintiff on the non-ADA claims and add Plaintiffs' proposed Count XI (Alabama state law invasion of privacy claim (intrusion upon seclusion/solitude) by all Plaintiffs), but denied the motion with respect to Plaintiffs' efforts to add proposed Count IV (Title VII religious discrimination claim – disparate treatment – all Plaintiffs), Count V (Title VII religious discrimination claim – hostile work environment – all Plaintiffs), Count VI (ADA Title I disability discrimination claim – harassment on religious grounds – all Plaintiffs), Count VII (ADA Title I disability discrimination claim – disparate treatment – Plaintiffs Jordan & Ross), Count VIII (ADA Title I disability discrimination claim – hostile work environment – Plaintiffs Jordan & Ross) and Count IX (ADA Title I disability discrimination claim – harassment on disability grounds – Plaintiffs Jordan & Ross). (Doc. 105). In so doing, the Court explained – by way of reference to the EEOC charges at issue:

> As a whole, none of the Plaintiffs' EEOC Charges make any reference to either Title VII and/or ADA hostile work environment, harassment, or disparate treatment based on their religious beliefs and/or disabilities/medical conditions. The EEOC Charges instead, are limited to ADA failure to accommodate (medical condition/disability) and/or Title VII failure to accommodate (religion) for Plaintiffs Jordan and Ross; and Title VII failure to accommodate (religion) for the 52 other Plaintiffs. None of the EEOC Charges reference religious and/or disability-based discrimination…; harassment by

7

>  anyone at Austal; any facts or allegations regarding a hostile work environment at Austal; etc. As a result, the Court cannot conclude that any of the Plaintiffs' EEOC Charges would prompt the EEOC to investigate claims other than a failure to accommodate under Title VII (religion) and/or the ADA (disability/medical condition), as indicated *supra*. Thus, Plaintiffs' proposed new Title VII and/or ADA claims do not reasonably grow out of their EEOC Charges.

(Doc. 105, PageID.2645). After briefly discussing and flatly rejecting Plaintiffs' seeming assertion that "identification of Austal's Covid 19 Mandate in their EEOC Charges – *standing alone* – is 'sufficient' to encompass any type of discrimination claim in this case," the Court closed by ordering Plaintiffs to file a "new Second Amended Complaint which complies with the instructions herein and is in strict keeping with the rulings in this Order" by no later than June 16, 2023. (Doc. 105, PageID.2645-47, 2656-57). Of note, the Court's June 7 Order did not address Plaintiff's proposed Count X, asserting claims by all Plaintiffs under Section 504 of the Rehabilitation Act. (*See* Doc. 105).

On June 16, 2023, Plaintiffs timely complied with the June 7 Order by filing their Second Amended Complaint ("SAC") which included five counts. (*See* Doc. 106). Counts I-III remained consistent with prior versions of the complaint, and asserts a Title VII religious discrimination claim (failure to accommodate) against Austal by all Plaintiffs (Count I), an ADA Title I disability discrimination claim (failure to accommodate) against Austal by Plaintiffs Jordan and Ross (Count II) and a negligence and/or gross negligence cause of action under against Austal by all Plaintiffs (Count III). (*See* Doc. 106, PageID.2701-04). Plaintiffs' new Count IV (identified as Count X in the Fourth Proposed SAC (*see* Doc. 94-1)) asserts a Section 504 Rehabilitation Act claim (disability discrimination) against Austal by Plaintiffs Jordan and Ross. (Doc. 106, PageID.2704-05). Additionally, the new Count V (identified as Count XI in Plaintiffs' Fourth Proposed SAC, for which the Court granted Plaintiffs' motion to

8

amend (*see* Docs. 94-1, 105)) asserts an Alabama state law claim for intrusion upon seclusion/solitude by all Plaintiffs against Austal. (*See* Doc. 106, PageID.2705-06).

Austal filed a response to the SAC on June 28, 2023, which also moved the court to strike the SAC's Count IV (Section 504 Rehabilitation Act claim) under Fed. R. Civ. P. 12(f) on the basis that it was improperly asserted because "Plaintiffs Jordan and Ross were not granted leave to include their Section 504 claim within their [SAC], thus that claim is redundant, immaterial, and impertinent." (Doc. 107, PageID.3045) (emphasis in original).[6] Plaintiffs filed a response two days later, arguing Austal's response to the SAC/motion to strike should be denied as: (1) untimely, (2) procedurally improper, (3) contrary to the Court's June 7, 2023 Order, and (4) "against the interest of justice and equity." (Doc. 108). Specific to the Section 504 Rehabilitation Act claim, Plaintiffs argue the SAC's inclusion of the same is not improper under the Court's June 7 Order, because Austal had notice of Plaintiffs' intent to add the claim, Austal did not object nor move for dismissal of the claim in its partial motion to dismiss and construed the Court's silence regarding this claim in the June 7 Order as consent to its inclusion. (*See id.*). Plaintiffs further note the Court's April 19, 2023 directive that "[n]o further briefing is permitted," to argue that Austal's response is contrary to it because the response to the SAC/motion to strike is "essentially another 'motion to dismiss'" and an improper attempt by Austal to resolve the "procedural blunder" caused by its "own misdoing." (*See id.*). Austal's reply simply reiterates its position that the Section 504 Rehabilitation Act claim is due to be stricken because the Court's June 7, 2023 order "did not

---

[6] In discussing the relevant procedural history, Austal again noted its waiver of a response to Plaintiffs' motion to amend and reiterated its pending motion for partial dismissal (Doc. 95) "requested the Court dismiss Plaintiffs' claims for Title VII disparate treatment religious discrimination, Title VII religious hostile work environment, Title VII religious harassment, ADA disparate treatment discrimination, ADA hostile work environment, ADA harassment, and invasion of privacy for failure to state a claim upon which relief can be granted." (Doc. 107, PageID.3043).

allow for or address amendment to include" them, disputes Plaintiffs' stated position(s) regarding their motion's timeliness and compliance with Court directives, and stresses that no prior order precluded its ability and right to file the operative motion to strike.

## II.     *Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged … [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At this stage, well-pleaded facts are accepted as true construed in the light most favorable to the non-movant. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted).

## III.     *Analysis*

Before addressing the subject motions, the undersigned endeavors to clarify the

procedural oddities which have led to the current posture. This effort begins with Fed. R. Civ. P. 15(a)(2), which addresses amendment of pleadings after the time has lapsed for a party to amend as a matter of course under Rule 15(a)(1). Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Applying this rule in its June 7 Order, the Court stated: "Thus, Rule 15(a)(2) provides the only avenue for amendment. And absent Austal's consent – which has not been given – leave of Court is required." (Doc. 105, PageID.2631). This finding, however, appears to be in error because Austal did consent to Plaintiffs' Fourth Proposed SAC (Doc. 94-1), albeit implicitly.

Following passage of the time for Plaintiffs to amend as a matter of course, amendment of the complaint was only proper "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Upon withdrawal of Plaintiffs' second motion to amend the FAC (Doc. 30), the Court ordered Plaintiffs to "file, on or before 4/25/23, a new motion to amend the complaint with a new proposed amended complaint." (Doc. 91). Plaintiffs complied by filing their renewed second motion to amend the FAC with the Fourth Proposed SAC attached. (Docs. 94, 94-1). Rather than filing a response to the renewed second motion to amend the FAC, Austal instead filed its partial motion to dismiss, seeking dismissal of proposed Counts IV-IX and XI. (Doc. 95). Austal's motion notably did *not* move for dismissal of the proposed Counts I-III and X, and specifically states: "Austal herein waives its filing of a response to Plaintiffs' [renewed second motion to amend the FAC] and instead proceeds with filing this Motion to Dismiss." (Doc. 95, PageID.2031).

Austal's express waiver of its right to file a response, coupled with its decision to instead file its partial motion to dismiss the *proposed* Counts IV-IX and XI, constitutes implicit

11

consent to the proposed amendment (i.e., the Fourth Proposed SAC) under Rule 15(a)(2). *See* § 1490 Consent of Adverse Party, 6 Wright & Miller Fed. Prac. & Proc. Civ. (3d ed.). ("[C]onsent may be implied from an act of the party indicating an acquiescence in the amendment, especially if that act is evidence by a writing. For example, if defendant amends the answer without leave of court to assert a counterclaim and plaintiff files a reply, that may serve as the equivalent of a written consent to defendant's amendment."). While the undersigned is not aware of the Eleventh Circuit speaking directly to such a conclusion, several courts both within and beyond this circuit have reached similar conclusions in similar circumstances. *See Martin v. Bank of America, N.A.*, 2014 U.S. Dist. LEXIS 32231 (E.D.N.Y. March 12, 2014) (finding implicit consent to amendment where defendants filed a new motion to dismiss plaintiff's otherwise improper and untimely filed amended complaint); *Lynn-Pryor v. DOD Educ. Activity*, 2021 U.S. Dist. LEXIS 184106, *3 (M.D. Fla. Sept. 27, 2021) (concluding defendant's motion to dismiss attacking and referring only to *pro se* plaintiff's improperly filed amended complaint to constitute implicit consent to the amendment); *Vargas v. Mott*, 2022 U.S. Dist. LEXIS 124204, *4 (W.D.N.Y. July 13, 2022) ("Here, Vargas amended his complaint without leave of court but with Defendants' written consent because Defendants filed a motion to dismiss in response to the amended complaint. Therefore, the amended complaint is the operative pleading in this case."); *Powanda v. Inteplast Group, LTD, L.P.*, 2015 U.S. Dist. LEXIS 44261, *2 at n.1 (D. Conn. April 2, 2015) (finding implicit consent to amendment when plaintiff filed SAC without written consent or leave of court and Defendants filed reply brief "acknowledging and responding... [but] not contest[ing] the propriety of" the improperly filed SAC). *See also, Leslie v. Wells-Fargo Bank, N.A., Inc.*, 2023 U.S. Dist. LEXIS 74508, *6-8 (N.D. Ga. April 27, 2023) (compiling cases to

explain "when the defendant has not moved to strike the amended complaint but rather provided after-the-fact consent by responding with a motion to dismiss or explicitly giving consent in writing, courts in this Circuit and others have allowed the amended complaint to become the operative pleading."). The undersigned finds the reasoning of these cases, and their application of Rule 15(a)(2) in similar circumstances, to be persuasive.

As a result of Austal's implicit consent, the Fourth Proposed SAC (Doc. 94-1) became the operative SAC by operation of the Federal Rules of Civil Procedure, taking effect on the date Austal gave its consent (in the form of filing its motion for partial dismissal). Therefore, no action was needed by the Court to effectuate the amendment under Fed. R. Civ. P. 15(a)(2). *See* § 1490 Consent of Adverse Party, 6 Fed. Prac. & Proc. Civ. (3d ed.). ("If consent is secured, the usual motion procedure need not be followed. The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."); *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."). *See Rogers v. Broder & Sachse Real Estate Servs. Inc.*, 2014 U.S. Dist. LEXIS 134169, *2 (E.D. Mich. Sept. 24, 2014) ("Generally, if an adverse party agrees to allow the other party to amend a pleading under F.R.C.P. 15(a)(2), the court does not have discretion to deny the amendment." (citing *Fern*, 213 F.2d at 677)); *Strozier v. Herc Rentals*, 2019 U.S. Dist. LEXIS 239734, *2-3 (N.D. Ga. Nov. 7, 2019) ("Under [FRCP] 15(a)(2), a party may amend its pleading 'with the opposing party's written consent or the court's leave.' In other words, if the adverse party consents to the proposed amendment, the court must allow it.") (citing *Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194, 1199 (5th Cir. 1986))). Accordingly, as a matter of procedure, the undersigned finds the Court's June 7 Order to have addressed a

moot point; the amendment had already taken effect, such that the Court lacked discretion to enter an order granting or denying any portion of the now-operative SAC.

For these reasons, the undersigned respectfully **RECOMMENDS** the Court **VACATE** its June 7 Order, and deem Plaintiffs' Fourth Proposed SAC (Doc. 94-1) to be the operative SAC, with an effective date of April 28, 2023. As a result, the undersigned further **RECOMMENDS** that Plaintiffs' amended complaint dated June 16, 2023 (Doc. 106) be **STRICKEN** as redundant, immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f)(1), as it was needlessly filed. Finally, because Austal's motion to strike (Doc. 107) addresses and seeks to strike material contained in the June 16 amended complaint – which is inoperative – the undersigned recommends said motion be **DENIED** as **MOOT**.

Having resolved these procedural matters, the undersigned turns to Austal's partial motion to dismiss the SAC, which has been fully briefed and is ripe for disposition. (Docs. 95, 103, 104). Austal's motion seeks dismissal of Counts IV, V, VI and XI (asserted by all Plaintiffs) and Counts VII, VIII and IX (asserted only by Plaintiffs Jordan & Ross). (Doc. 95, PageID.2039). Notably, because Austal has not moved for dismissal of Counts I-III or X, those counts will move forward at this stage. (*See* Doc. 95).

As to Counts IV-IX, Austal moves for dismissal on grounds that Plaintiffs have not exhausted their administrative remedies because they did not file EEOC charges relating to these claims and argues such claims do not otherwise "grow out of" the EEOC charges that were filed. (Doc. 95). Plaintiffs contrarily assert the claims at issue do "grow out of" the EEOC charges that were filed. (Doc. 103). With regard to these counts, the undersigned concurs in the analysis as set out in the Court's June 7 Order – including the Court's finding that "Plaintiffs' proposed new Title VII and/or ADA claims do not reasonably grow out of their

14

EEOC Charges." (Doc. 105, PageID.2645). As such, and despite the prior recommendation that the June 7 Order be vacated on procedural grounds, the undersigned **RECOMMENDS** the Court adopt and incorporate its analysis, discussion and findings as it relates to Counts IV-IX, such that Austal's partial motion to dismiss be **GRANTED in part**.

This leaves only Count XI, which asserts an Alabama state law claim for invasion of privacy against Austal by all Plaintiffs. (Doc. 94-1). Here, the undersigned further **RECOMMENDS** the Court adopt and incorporate its prior analysis, discussion and finding that "at this juncture… Plaintiffs have alleged sufficient information to support the facial plausibility of their invasion of privacy (instruction upon seclusion/solitude) claim," (Doc. 105, PageID.2655), such that Austal's motion to dismiss be **DENIED in part** and Count XI move forward at this stage.

### IV.   *Conclusion*

In sum, and for the reasons stated herein, the undersigned **RECOMMENDS** the following:

- The Court **VACATE** its June 7, 2023 Order, and deem Plaintiffs' Fourth Proposed SAC (Doc. 94-1) to be the operative SAC in this action with an effective date of April 28, 2023;

- The Court **STRIKE** Plaintiffs' amended complaint dated June 16, 2023 pursuant to Fed. R. Civ. P. 12(f)(1) as redundant, immaterial and/or impertinent;

- The Court **DENY** as **MOOT** Austal's motion to strike (Doc. 107);

- The Court **GRANT in part** and **DENY in part** Austal's partial motion to dismiss the SAC (Doc. 95), by ordering that Counts IV-IX be **DISMISSED with prejudice**, and the motion to dismiss Count XI be **DENIED**.  The action shall proceed as to Counts I-III, X

and XI.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of August 2023.

*/s/ William E. Cassady*
**WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**