IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS ABBOTT, et al., </br></br>Plaintiffs,</br>v.</br></br>AUSTAL USA, LLC,</br></br>Defendant. | CIVIL ACTION NOS.:</br>1:22-CV-00267-KD-C</br>1:22-CV-00328-KD-B</br>1:22-CV-00329-KD-C</br>1:23-CV-00040-KD-C</br>CONSOLIDATED FOR</br>PURPOSES OF DISCOVERY |

## ORDER

This matter is before the Court regarding Austal's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion to Compel as to Specific Plaintiffs (Doc. 141),[1] and Defendant Austal USA, LLC's Motion to Compel Substantive Discovery Responses and Requests for Fees and Costs (Doc. 151). Following a review of the foregoing pleadings, with attachments, as well as all other relevant pleadings in this matter, and with the benefit of oral argument, the Court **GRANTS IN PART** Austal's Motions to Compel and accompanying requests for Attorneys' Fees (Docs. 141, 151). The amount of attorneys' fees and costs to be awarded is deferred and will be established by separate order.

## Background Facts

This case consists of four (4) separate actions, consolidated for discovery purposes. The original complaints in these actions were filed July 4, 2022. On October 25, 2022, the Court entered its Rule 16(b) Scheduling Order (Doc. 24). That Scheduling Order addressed Phase I discovery and set a deadline of February 10, 2023, for completion of discovery on the issue on whether

---

[1] As noted *infra*, the Motion to Dismiss the claims of the nine (9) Plaintiffs who initially failed to respond to discovery (until after filing of Doc. 141) is deemed to be moot, a decision with which the Defendant concurs.

Plaintiffs' requested accommodations posed an undue hardship under the standards established by Title VII and the ADA. After a brief extension of time, and following amendment of the Complaint by Plaintiffs, the parties entered Phase II of discovery. In so doing, the parties submitted a Rule 26(f) Report (Doc. 115) and appeared before this Court to discuss the execution of Phase II of discovery. Both the initial Scheduling Order (Doc. 24) and superseding Scheduling Order (Doc. 153) require the parties to engage in Pre-Motion Mediation before filing discovery motions, such as motions to compel. *See* Doc. 24, PageID.50.

On January 29, 2024, Austal filed its Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion to Compel as to Specific Plaintiffs (Doc. 141), for which the Court entered an Order (Doc. 148) that set a briefing schedule. Thereafter, on February 20, 2024, Austal filed its Motion to Compel Substantive Discovery Responses and Requests for Fees and Costs. (Doc. 151). Both Motions came on for hearing before this Court on March 22, 2024. (Doc. 155).

As background information, the events that preceded the filing of the two (2) Motions to Compel in this action have been considered. Austal issued written discovery requests to Plaintiffs on October 17, 2023 (Doc. 141-1). On November 16, 2023, Plaintiffs served responses to such requests, but those responses only contained objections. *See* Doc. 141-2. After an inquiry from Austal's counsel, Plaintiffs served what they termed as "supplemental responses" on November 20, 2023. (Doc. 141-3). Those responses, like the ones preceding them, only contained objections.

Consistent with the Court's Scheduling Order, counsel for Austal requested a discovery conference with this Court which took place on December 6, 2023. During that conference, it was noted that Austal's discovery requests were in line with what the Court had previously seen in employment discrimination actions such as this one. After learning that the Court expected Plaintiffs to update their discovery responses, Plaintiffs' counsel agreed to serve complete

responses no later than December 13, 2023. The Court issued a subsequent Order, noting the same. (Doc. 131).

On December 13, 2023, Plaintiffs served some, but not all, of Plaintiffs' discovery responses. *See* Doc. 141-4. When the additional promised discovery responses failed to materialize, counsel for Austal sought the remaining responses no later than December 22, 2023. (Doc. 141-6). After further responses were not received, Austal filed a Motion to Suspend the Discovery Deadline that had been outlined during the December 6, 2023 telephonic conference. (Doc. 133). Upon the filing of this Motion, the Court held a subsequent telephonic conference on January 3, 2024. (Doc. 135). Plaintiffs' counsel represented that additional responses for *all* Plaintiffs would be forthcoming on January 17, 2024. The Court again followed up the hearing with an Order (Doc. 137).

Ultimately, on January 24, 2024, additional discovery responses were served by Plaintiffs. *See* Doc. 141 at PageID.3168. However, responses were missing for nine (9) Plaintiffs. *See id.* Moreover, additional supplementation took place on February 14, 2024, *see* Doc. 151 at PageID.3367, but discovery was still not provided for the nine (9) identified Plaintiffs, nor were the substantive issues previously identified by Austal's counsel (both via correspondence, as well as in the two (2) conferences with the Court on December 6, 2023 and January 3, 2024) remedied.

During the March 22, 2024 hearing on the two (2) pending Motions to Compel, the Court heard argument from both parties. Plaintiffs' counsel argued, consistent with their Responses, (Docs. 149 and 154) that both Motions were moot since Plaintiffs complied with the discovery requests, outstanding since October 2023, *after* Austal had to proceed with filings its Motions. At hearing, Plaintiffs' counsel engaged in the following exchange with the Court:

> THE COURT: I'm looking for a substantive answer to any interrogatories. Some of these are fairly bland. OR requests for

production of document. I'm not even looking at the request for admissions.

But I'm trying to find a substantive response. And, that document, after being presented with those requests in October, this was your response in November, without a request for additional time.

ATTORNEY DASINGER: Your Honor, all I can say is that we realized that these were inadequate after a court hearing and we corrected the documents in compliance.

THE COURT: That's my question: Why did it take a court hearing to recognize that this was inadequate?

\*\*\*

ATTORNEY DASINGER: Your Honor, all I can say is that we had trouble getting answers out of a lot of the clients.

THE COURT: So what do you do when you have that problem?

ATTORNEY DASINGER: We did everything we could to remedy the problem.

THE COURT: Well, you didn't ask me for more time, did you?

ATTORNEY DASINGER: At the time, we did not, Your Honor.

THE COURT: Okay. Well, I think you've given the defendants a leg up on their request for attorney fees because it took a hearing before me before we got to the point to where y'all were ready to make additional responses. This is not appropriate, and I think I told you that in conferencing.

Tr. of Proceedings, 25:5-26:23.[2]

Fed. R. Civ. P. 37(a)(5)(A) does not render a Motion to Compel moot after compliance following the filing of a Motion to Compel. ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

---

[2] Transcript of March 22, 2024 Proceedings is Attachment A to Austal's Motion for Attorneys' Fees and Costs with Incorporated Brief (Doc. 165).

party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."), *see, e.g.*, *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2013 WL 12067476 (N.D. Ga. Feb. 14, 2013). Plaintiffs' compliance with providing requested discovery was not timely nor complete. Plaintiffs and their counsel had been advised of this during the December 6, 2023 hearing and subsequent January telephonic conference. Tr. of Proceedings, 11:24-12:6, 25:5-26:6, 60:2-19.

Also, during the hearing, Plaintiffs' argument that Austal's Motions to Compel were due to be denied based on Austal's alleged failure to comply with the conferencing requirements under the Federal Rules and Local Rules was considered. Plaintiffs' counsel were reminded that parties are expected to engage in pre-motion conferencing and that such conferences had, in fact, taken place, both on December 6, 2023, as well as on January 3, 2024. When questioned whether there was something else that Austal or its counsel could have done to obtain compliance with the discovery requests, Plaintiffs' counsel cited Austal's own alleged failure to provide proper discovery responses.[3] Plaintiffs' lack-of-conferencing argument is rejected and it is determined that Austal had properly engaged in the conferencing requirements set out in the Federal Rules and Local Rules. These efforts included not only correspondence with Plaintiffs' counsel, as outlined in Docs. 141 and 151, but also its participation in the pre-discovery motion conferences held with the Court.

---

[3] At a later point in the hearing, Plaintiffs' counsel identified the need for Plaintiffs to file their Motion to Compel, seeking full and complete discovery responses from Austal. Plaintiffs' counsel was questioned about its efforts to engage in conferencing regarding the Motions. After hearing from counsel for both parties, the Court instructed counsel for Plaintiffs to provide counsel for Austal a listing of documents and/or information that they claimed had been improperly withheld and/or not produced by Austal prior to seeking permission from the Court to file any such Motion. This instruction was based on the promise by Plaintiffs' counsel Michael Mertle, during a February 26, 2024, telephonic conference with Austal counsel Kathryn Willis and John Kavanagh, to provide such a listing, which had not been provided as of the date of the March 22, 2024 hearing.

Also, during the March 22, 2024 hearing, the Court addressed the remaining issues set out in both Motions to Compel, following supplementation and additional discovery responses served by Plaintiffs on February 14, 2024, and March 4, 2024. Plaintiffs' counsel represented, in response to questions regarding ambiguous statements regarding the production of documents, that all non-privileged documents had been produced. The Court specifically ordered Plaintiffs to do the following:

- Identify medical providers of Plaintiffs as it relates to claims for mental anguish in this action; and

- In response to Interrogatory 19, provide full and complete responses, to include the who, what, when, and where items requested by Austal regarding Plaintiffs' claims for invasion of privacy.

In assessing the propriety of the Plaintiffs' responses to Interrogatory No. 19, the Court ruled, as follows:

> This is sworn testimony. Turned over information is not sworn testimony. It may not even be admissible.
>
> All right. It's my ruling that this type of response to an interrogatory, either as to Mr. Abbott or anywhere else in these pleadings, is insufficient. And I will require an additional response that does identify what's being requested, and that is the incidences and the timing of those incidences where each of the plaintiff's privacy was invaded as contended in the complaint. All right?

Tr. of Proceedings, 58:7-16.

The request by Austal for attorneys' fees in both of its Motions was also considered during the March 22, 2024 hearing. *See* Docs. 141, 151. Plaintiffs argued that attorneys' fees should not be awarded because of the "monumental" efforts undertaken by Plaintiffs' counsel –*following* the filing of Austal's Motions to Compel – to gain compliance from their clients. *Id.*, at 63:17-64:9. This argument is rejected and it is determined that (i) such efforts should have been undertaken at

the time discovery was served, and, (ii) if such efforts could not be undertaken, an extension should have been sought by Plaintiffs' counsel. *Id.*, at 26:14-15.

Counsel for Austal was also given the opportunity to present its position that attorneys' fees associated with both Motions to Compel are consistent with the Federal Rules of Civil Procedure and the facts of this action. Counsel for Austal argued that Plaintiffs' efforts to comply with their discovery obligations were too late in the face of Austal being forced to go to the time and expense of filing the two (2) Motions to Compel. *Id.*, at 64:16-68:13. When questioned by the Court regarding Plaintiffs' argument about the relative financial strengths of the parties, and how this should impact a potential award of attorneys' fees, counsel for Austal responded as follows:

> As to the financial resources, that this is becoming kind of a pattern and practice in this case of big company, you know, David versus Goliath type arguments, it has no place when it comes to the awarding of fees. The fact of the matter is that Austal was required to expend the fees and drafting and filing both motions and respond—and replying to the responses. That doesn't even begin to account for the amount of work and the amount of leg work that had to go into the preliminary efforts regarding those motions….
>
> But that being said, the rule does not say if a party can't—you know, if a party has less financial resources than the prevailing party, that we should not award fees.
>
> And the rules also says that I think that the Court has the ability, whether it's the parties or the lawyers—and that's not for me to decide or to say. But, again, I think we get back down to the fact of the matter of had discovery requests in October, we've expended substantial time and resources up to this point trying to get to even where we are. And, again, still, we have that nice little wish list that we put to the side because we know we had to focus on what had to focus on in obtaining compliance.

*Id.*, at 66:20-67:21.

At the conclusion of the hearing, the following decisions were announced orally:

- The Motion to Dismiss, as part of Doc. 141, was moot;

7

- The Motions to Compel were granted in part in the manner outlined by the Court during the hearing; and

- Austal is, in fact, entitled to attorneys' fees undertaken as a result of having to file the two (2) Motions to Compel. Counsel for Austal was ordered to provide an accounting of such fees and prepare a proposed order, which was submitted on April 19, 2024.

## Conclusion

Based upon the Motions to Compel (Docs. 141 and 151), the accompanying responses and replies, the hearing before the Court on March 22, 2024, and Austal's accompanying Motion for Fees, the Court orders as follows:

- The Motion to Dismiss, as part of Doc. 141, is moot;

- Plaintiffs shall supplement their discovery responses in the manner set out during the hearing, and, more specifically, in the manner set out in the Transcript of Proceedings, Mar. 22, 2024, no later than **June 3, 2024**;[4]

- Plaintiffs and/or their counsel shall be required to pay an amount to be determined to Austal's counsel, Burr & Forman LLP, as attorneys' fees and costs that were incurred unnecessarily by the actions of Plaintiffs and/or counsel during the discovery process.

**DONE** this the 20th day of May, 2024.

s/ WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

[4] In unfiled correspondence from Plaintiffs' counsel since the March 22, 2024 hearing, it has been represented that Plaintiffs have provided all discovery with respect to the two areas of discoverable information ordered produced on March 22, 2024. In other words, it is Plaintiffs position that all physicians who may have treated any of the Plaintiffs for mental anguish or other medical conditions arising from the claims in this action have been identified. In addition, Plaintiffs report that their responses to Interrogatory 19 as supplemented, are now complete. Accordingly, it is not anticipated that any new or unknown treating physicians will be identified after depositions are started and completed or that new information or evidence tending to support the claims of invasion of privacy will be produced at a later date. Should these assumptions prove to be incorrect, the Court will conduct a hearing to determine the reasons why the information, including identification of witnesses, was not provided prior to requiring Defendant to engage in as many as 62 depositions without the ability to consider said information beforehand.