# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DENNIS ABBOTT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NOS.: |
| | ) | 1:22-cv-00267-KD-C |
| v. | ) | 1:22-cv-00328-KD-B |
| | ) | 1:22-cv-00329-KD-C |
| **AUSTAL USA, LLC, et al.,** | ) | 1:23-cv-00040-KD-C |
| | ) | CONSOLIDATED FOR |
| Defendants. | ) | PURPOSES OF DISCOVERY |
| | ) | |

## ORDER

This cause is before the Court on the Plaintiffs' Motion to Compel (Doc. 210); Defendant Austal' USA LLC's Motion to Strike and Preliminary Response in Opposition to Plaintiffs' Motion to Compel (Doc. 212); Defendant Austal USA LLC's Response to Plaintiffs' Motion to Compel (Doc. 213); and Plaintiffs' Reply in Support of Their Motion to Compel (Doc. 215).  Upon consideration of the foregoing motions and responses, and the record, it is determined that the Defendant is correct for all reasons cited in Defendant's Response to Plaintiffs' Motion to Compel, and the Motion to Compel is due to be DENIED.  It is further determined, pursuant to Fed.R.Civ.P. 12(f), that the Defendants' Motion to Strike the Plaintiff's Motion to Compel is also due to be DENIED.

On July 4, 2022, the original plaintiffs filed this cause against Austal asserting claims that Austal violated Title VII and/or the ADA and was negligent when it denied Plaintiffs' requests for religious and/or medical exemptions from Austal's October 2022 COVID-19 vaccination mandate. In August 2022, the initial action (CA 1:22-cv-00267-KD-C), which had fifty-four (54) plaintiffs, was consolidated with two additional cases (CA 1:22-cv-00328-KD-B and CA 1:22-00329-KD-C) for discovery purposes only.  (Doc. 16). Thereafter, discovery was divided into two (2) phases.

1

(Doc. 29). Phase I discovery consisted of Plaintiffs' discovery to Austal pertaining to the undue hardship inquiry and spanned approximately five (5) months, closing on February 10, 2023. (Doc. 29). Following the close of Phase I discovery, a third case (CA 1:23-cv-00040-JB-MU) was consolidated with this action for discovery purposes only. (Doc. 125). Phase II discovery was related to Counts I-II, X and XI of Plaintiffs' Second Amended Complaint and closed on October 11, 2024. (Doc. 153; Doc. 195).

A review of the parties' briefs indicates that the Plaintiffs seek an order compelling Austal to provide a corporate representative to sit for a "Phase II" deposition on thirty-nine (39) topics of inquiry, including government contracts. The Plaintiffs have had substantial time to seek the information they need from the Defendant or bring any discovery issue(s) before the Court. It seems the Plaintiffs knew or should have known they had a discovery issue, at least on the topic of government contracts, as of March 7, 2023, which was well over one (1) year ago.[1] But the Plaintiffs did not issue a Rule 30(b)(6) notice to Austal requesting another deposition of a corporate representative until September 16, 2024. The Plaintiffs did not seek the Court's assistance until October 8, 2024, by filing a Motion to Compel only three (3) days prior to the close of Phase II discovery. The timing of the Motion to Compel did not give the Court adequate time to consider the Motion prior to the close of discovery, as required by the Superseding Rule 16(b) Scheduling Order. The Plaintiffs also did not request a conference with the undersigned to discuss any outstanding discovery issues prior to filing their Motion with the Court, as required by section 11(b) of the Superseding Rule 16(b) Scheduling Order. (Doc. 153).

---

[1] The Defendant claims that the topic of government contracts was addressed during the corporate representative deposition of Rodney Patrick on March 7, 2023, and that following the close of Phase I discovery in March 2023, Plaintiffs filed several motions to compel but did not address the corporate representative deposition in those motions. (Doc. 213, PageID.4445).

Considering the complicated nature of this action with four (4) cases and a total of approximately sixty-two (62) plaintiffs, the Court allowed the parties ample time to conduct discovery and calendared the entire term of January 2025 for the trials of these actions. Extending Phase II discovery to allow the Plaintiffs to conduct additional discovery would likely affect the Court's firm trial setting and delay this matter. The parties have been advised previously not to anticipate a change in the firm trial setting.

Regarding the parties' relevancy arguments, the undersigned looks to Fed. R. Civ. P. Rule 26(b)(1), which provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Plaintiffs assert the information sought is relevant to the claims in this proceeding, especially to the "Phase II" issues of the sincerity of Plaintiffs' religious beliefs (and the Defendants' consideration thereof), Plaintiffs' claims under Section 504 of the Rehabilitation Act, and Plaintiffs' invasion of privacy claim. The Defendants argue that the information requested by the Plaintiffs is not relevant to the question of whether Austal unreasonably failed to accommodate Plaintiffs either due to disability or due to religion by denying their requests to be exempt from the COVID-19 vaccine requirement. The undersigned tends to agree with the Defendants, and the Plaintiffs have not provided a solid basis for needing to go forward at the close of discovery with an additional corporate representative deposition regarding thirty-nine (39) topics of information, many appearing broad. Furthermore, additional discovery would increase expenses and as discussed *supra*,

would likely impact the trial setting. Thus, the expense, and especially the burden of the proposed additional discovery, outweighs its likely benefit.

Based on the foregoing, the undersigned finds that the Plaintiffs' request to compel Austal to provide a corporate representative to sit for a "Phase II" deposition following the close of Phase II discovery in this matter, and the Defendants' Motion to Strike the Plaintiffs' Motion to Compel are hereby DENIED.

DONE AND ORDERED this 22nd day of October, 2024.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**