IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS ABBOTT, et al.,                )
      Plaintiffs,                      )
                                       )
v.                                     )   Civil Action No. 1:22-cv-00267-KD-C
                                       )
AUSTAL USA, LLC,                       )
      Defendant.                       )  | |

### ORDER

This action is before the Court on the motions for reconsideration, (Docs. 272, 273, 274), filed by Defendant Austal USA, LLC ("Austal"). Pursuant to Rule 59(e) or in the alternative 60(b), Austal requests the Court reconsider its partial denials of Austal's motions for summary judgment. (Docs. 263, 264, 266). Upon consideration, and for the reasons below, the motions are **denied**.

The grounds for granting a Rule 59(e) motion to reconsider are narrow under Eleventh Circuit precedent. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." MacPhee v. MiMedx Grp., Inc., 73 F.4th 1220, 1250 (11th Cir. 2023) (alteration in original) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Also, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (alteration in original) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." Banister v. Davis, 590 U.S. 504, 508 (2020).

Here, Austal's motions cannot be granted pursuant to Rule 59(e) because Austal does not argue for newly-discovered evidence or manifest errors of law or fact. Austal raises two reasons for reconsideration. Neither reason justifies granting the motion. *First*, Austal argues that its good faith reliance on guidance and law entitles it to summary judgment under 42 U.S.C. § 2000e-12(b). But Austal failed to raise this good faith reliance argument on summary judgment. A Rule 59(e) motion cannot be used to address arguments that the moving party could have raised before the

decision was issued. Banister v. Davis, 590 U.S. 504, 508 (2020). *Second*, Austal argues that the evidence makes a sufficient showing of undue hardship. But this argument is a rehash of the argument that the Court addressed at summary judgment. A Rule 59(e) motion cannot be used to relitigate old matters. MacPhee v. MiMedx Grp., Inc., 73 F.4th 1220, 1250 (11th Cir. 2023). "Motions that simply 'rehash' the losing party's failed arguments or that attempt to rescue failed positions by introducing new arguments are routinely and summarily rejected as being outside the proper scope of the limited relief available under Rule 59(e)." 2 Steven S. Gensler, Fed. R. Civ. P., Rules and Commentary Rule 59 (2024). Thus, Rule 59(e) does not provide relief here.

Likewise, Rule 60(b) does not justify granting the motions. "Rule 60(b) sets forth five specific grounds for relief and a 'catch all provision.'" Gensler, supra, Rule 60. For example, Rule 60(b)(1) provides a specific ground: A party may seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) provides the catchall provision: A court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Relief from judgment under Rule 60(b)(6), however, is an extraordinary remedy and requires a showing of 'extraordinary circumstances' to justify the reopening of a final judgment." MacPhee, 73 F.4th at 1250. (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). Here, Austal does not point to any specific reason why Rule 60(b) relief is appropriate. And Austal does not argue that "extraordinary circumstances" justify relief. Therefore, relief under Rule 60(b) is not warranted.

Austal argues (1) that it is entitled to good faith reliance—although it failed to assert the argument at summary judgment—and (2) that the evidence shows undue hardship. These reasons are not sufficient to justify granting the motions pursuant to Rule 59(e) or Rule 60(b). Accordingly, Austal's motions for reconsideration, (Docs. 272, 273, 274), are **denied**.

**DONE** and **ORDERED** this **4th** day of **February 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**