### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS ABBOTT, et al.,** )<br>    **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00267-KD-C |
| ) | |
| **AUSTAL USA, LLC,** ) | |
|     **Defendant.** ) | |

## ORDER

This action is before the Court on the motion (Notice of Attorney's Lien and Claim for Fees), filed on behalf of Michael James Mertle. (Doc. 301). Mertle asks this Court to direct the plaintiffs' attorney not to disburse any fees until this matter is resolved, to allow discovery by Mertle, to set this matter for a hearing, and to allow Mertle to present material substantiating his claim. (Id. at 3). Upon consideration, and for the reasons below, the motion is **DENIED**.

Federal courts are courts of limited jurisdiction and the burden of demonstrating jurisdiction falls on the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Normally, courts have original jurisdiction through federal question or diversity jurisdiction, but courts may have supplemental jurisdiction "to entertain a *claim* over which it would have no independent basis of subject matter jurisdiction." 13D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, Federal Practice & Procedure § 3567 (3d ed. 2024). "Supplemental jurisdiction can be justified only if the supplemental claim is so closely related to the jurisdiction-invoking claim that they are part of the same constitutional 'case' or 'controversy'"—meaning they share a "common nucleus of operative facts." Id.; see also 28 U.S.C. § 1367.

This Court lacks supplemental jurisdiction over Mertle's claim for fees and expenses because his claim is not "so closely related to the jurisdiction-invoking claim" that they are part of the same

"case" or "controversy." Id. In other words, Mertle's claim and Plaintiffs' claims do not share a "common nucleus of operative facts." Id. Thus, there is no supplemental jurisdiction.

Separate from supplemental jurisdiction (but often confused as it) is "ancillary jurisdiction" or "ancillary enforcement jurisdiction." Id. In general, a court has ancillary jurisdiction "over incidental *proceedings* that are closely related to a case that invoked federal subject matter jurisdiction, such as a proceeding for costs or attorney's fees." Id. The Supreme Court lists two circumstances when a court may exercise ancillary jurisdiction: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379–80 (citations omitted).

This Court lacks ancillary jurisdiction over Mertle's proceedings for fees and expenses because neither of the two circumstances described in Kokkonen are present. *First*, ancillary jurisdiction is not necessary to permit disposition of the alleged claims. Simply put, Plaintiffs' underlying claims in this case are not "factually interdependent" with Mertle's alleged attorney's lien and claim. Id. *Second*, ancillary jurisdiction is not necessary "to enable this Court to function successfully." Id. This Court did not retain jurisdiction over disputes arising from the allocation of fees among counsel. This Court has not exercised control over the settlement funds. And Mertle's dispute has no impact on the timing or the substance of Plaintiffs' relief in the underlying case.

In sum, this Court lacks subject matter jurisdiction to resolve Mertle's dispute over attorney's fees. The motion, (Doc. 301), is **denied**.

**DONE** and **ORDERED** this **6th** day of **March 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**